IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERAIAH BEN-YISRAEL | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   02-4059 |
| | : | |
| APPEALS COUNCIL, | : | |
| OFFICE OF HEARING AND APPEALS | : | |

**O R D E R**

AND NOW, this 30th day of January, 2003, upon consideration of the cross-motions for summary judgment filed by the parties (Document Nos. 18 and 19), the court makes the following findings and conclusions:

      1.      Seraiah Ben-Yisrael ("Ben-Yisrael") has a long history with the Social Security Administration (the "Agency") which is laid out in detail in the decision of the Administrative Law Judge ("ALJ"), (Tr. 15-17), and the briefs of the parties.  Ben-Yisrael filed his initial application for disability insurance benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of July 19, 1976.  (Tr. 15).  As a result, the Agency granted him benefits effective January 1977.  (Id.).  In June 1978, Ben-Yisrael's benefits ceased because he was engaging in substantial gainful activity.  (Id.).  Ben-Yisrael filed a second application for DIB on May 12, 1984, which was denied.  (Id.).  Ben-Yisrael filed a third application on May 18, 1987, alleging disability as of March 15, 1985, for which he was awarded benefits effective September 1985.  (Id.).  In 1988, Ben-Yisrael returned to work and timely notified the Agency.  (Id.).  On March 10, 1989, the Agency determined that Ben-Yisrael's mental health had improved and he was no longer disabled.  (Tr. 81).  As a result, Ben-Yisrael's benefits again ceased.  (Id.).  After Ben-Yisrael filed for reconsideration, the Agency found that he was engaging in substantial gainful activity, and informed him that he could be held responsible for an overpayment if his appeal was denied.  (Tr. 84, 86-87).  The Agency reinstated Ben-Yisrael's benefits in January 1990, after he ceased working.  (Tr. 94).

      2.      On October 7, 1996, the Agency notified Ben-Yisrael that he was no longer entitled to benefits because he was engaging in substantial gainful activity.  (Tr. 120-121).  After Ben-Yisrael filed a request for reconsideration and waiver of the overpayment recovery, the Agency sent Ben-Yisrael a notice dated April 3, 1998.  (Tr. 191-194, 199).  The notice stated that Ben-Yisrael's benefits should have ceased at the end of December 1995 because, starting January 1996, he had been earning over the substantial gainful activity amount of $500 per month.  (Id.).  In another notice dated November 17, 1998, the Agency informed Ben-Yisrael that he had been overpaid benefits in the amount of $27,774.10.  (Tr. 205-207, 222-224).  Until this time, the Agency had continued to send electronic payments to Ben-Yisrael's bank account to which he was not entitled.  Ben-Yisrael filed a second request for waiver of the overpayment recovery on

December 29, 1998. (Tr. 243-250). On October 26, 2000, the Agency denied the request for waiver of the overpayment recovery. (Tr. 264-265). Ben-Yisrael then requested a hearing which was held before an ALJ on January 23, 2002. (Tr. 37-74). On January 25, 2002, the ALJ issued a decision finding that Ben-Yisrael was at fault in accepting the overpayments, and, thus, waiver of the overpayment recovery could not be applied. (Tr. 15-24). On April 26, 2002, the Appeals Council denied Ben-Yisrael's request for review. (Tr. 8-9). On August 19, 2002, pursuant to 42 U.S.C. § 405(g), Ben-Yisrael filed his complaint in this court for review of the decision of the Commissioner of Social Security ("Commissioner") denying his request for waiver of the overpayment recovery. Ben-Yisrael filed his motion for summary judgment on June 18, 2003. The Commissioner filed her motion for summary judgment on July 15, 2003.

       3. The role of this court on judicial review is to determine whether there is substantial evidence in the record to support the Commissioner's final decision. Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). The factual findings of the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4. In order to obtain waiver of the overpayment recovery, Ben-Yisrael must show that: (1) he was without fault; and (2) recovery of the overpayment would defeat the purpose of Title II or would be against equity and good conscience. 42 U.S.C. § 404(b). An individual may be at fault if he or she accepted a payment which he or she "knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507(c). In this case, the Commissioner determined that Ben-Yisrael was at fault in accepting the overpayments, and, thus, did not reach the second question. Therefore, the only question that this court must address is whether substantial evidence, meaning more than a mere scintilla but less than a preponderance, supports the conclusion that Ben-Yisrael was at fault in accepting the overpayment of DIB, and, as a result, is not entitled to waiver of the recovery of those benefits. See 42 U.S.C. § 404(b); Brown v. Bowen, 854 F.2d 1211, 1213 (3d Cir. 1988). In this instance, the decisions by the Commissioner and ALJ are supported by substantial evidence. Other factual interpretations may be possible, however, it is not our role to second guess the decision of the ALJ. Hartranft, 181 F.3d at 360.

       5. The ALJ concluded that Ben-Yisrael was at fault because, given his lengthy history with the Agency, he should have known that working for the Philadelphia School District where he earned above the substantial gainful activity earnings limit, while receiving DIB, would result in an overpayment. (Tr. 21-23, 24, Finding No. 2). The ALJ considered that Ben-Yisrael had been notified on numerous occasions of his reporting requirements, including

the fact that an overpayment could result if he returned to work and earned over the substantial gainful activity earnings limit, and that Ben-Yisrael understood these requirements. (Tr. 22-23, 46-47, 86, 88, 93-94, 106, 120-121, 130, 132-133, 191-194). The ALJ also noted that Ben-Yisrael had been overpaid in the past and had returned an undue check to the Agency. (Tr. 46-47, 70-71, 88, 99). The above mentioned items constitute substantial evidence upon which it was reasonable for the Commissioner and the ALJ to rely in making their determinations that Ben-Yisrael was at fault in accepting the overpayments. Therefore, the decisions of the ALJ and Commissioner must be upheld.

      6.    Ben-Yisrael notes that, in determining fault, the Agency must consider such factors as the claimant's mental and educational limitations. 42 U.S.C. § 404(b). Ben-Yisrael argues that he has a mental disability and is not very well educated, and, thus, should not be responsible for the overpayments. However, the ALJ carefully considered Ben-Yisrael's mental impairment and the relevant evidence including: testimony that he was aware of the reporting requirements; the absence of evidence that his mental condition impaired his ability to understand that the funds were not due him; his work history for the same employer since 1995; his ability to maintain a residence, pay bills, and delineate his monthly household expenses; and his admission that he had been overpaid in the past and had returned an undue check. (Tr. 23, 45-50, 99, 101-104, 248-249). As a result, the ALJ concluded that Ben-Yisrael was cognizant of his financial matters and his reporting responsibilities and that his mental impairment did not prevent him from knowing that the payments were not due him and should have been returned to the Agency. (Tr. 23). The conclusion of the ALJ is supported by substantial evidence and must be upheld.

      7.    Ben-Yisrael further argues that he kept the Agency fully informed of his job earnings and income and told the Agency that he was ineligible for benefits.[1] Therefore, Ben-Yisrael contends that he should not be responsible for the overpayments made because of the Agency's mistakes, which resulted in conflicting and confusing messages being sent to him regarding his benefits. However, the standard for fault is whether Ben-Yisrael accepted payments which he "knew or could have been expected to know [were] incorrect." 20 C.F.R. § 404.507. Moreover, "[a]lthough the [Agency] may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such individual is not without fault." Id. Here, there is substantial evidence which supports the conclusion that Ben-Yisrael either knew or could have been expected to know that he was not entitled to the payments. Therefore, the decision that Ben-Yisrael was at fault in accepting the payments was reasonable.

      Upon careful and independent consideration, the record reveals that the

---

[1] However, the ALJ noted that according to the objective evidence, for the first time in 1996, Ben-Yisrael reported work which he had started about a year prior. (Tr. 98-105, 106-119). Therefore, the ALJ concluded that Ben-Yisrael had failed to timely report this employment. (Tr. 22).

3

Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the findings of fact and conclusions of law of the ALJ. Therefore, it is hereby **ORDERED** that:

    8.    The motion for summary judgment filed by Ben-Yisrael is **DENIED**;

    9.    The motion for summary judgment filed by the Commissioner is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST SERAIAH BEN-YISRAEL**; and

    10.    The Clerk of Courts is hereby directed to mark this case as **CLOSED**.

_____
LOWELL A. REED, JR., S.J.